IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | No. C 11-4591 MMC |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT; VACATING HEARING** |
| v. | |
| JORGE ALBERTO HUEZO, et al., | |
| Defendants. | |

Before the Court is plaintiff J & J Sports Productions, Inc.'s ("J & J") Application for Default Judgment, filed May 29, 2012. Defendants Jorge Alberto Huezo and Vilma Arely Huezo have not filed opposition.[1] Having read and considered the papers submitted in support of the motion, the Court deems the motion appropriate for decision on the moving papers, VACATES the hearing scheduled for July 6, 2012, and rules as follows.

1. Having read and considered the declaration of Thomas P. Riley and the affidavit of Jeff Kaplan, and having before it the facts stated in the complaint, which facts are deemed true by reason of the entry of default, see Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978), the Court finds J & J had the exclusive rights to distribute "200: Celebrate

---

[1] By order filed June 5, 2012, the Court noted it was in receipt of a letter from Jorge Huezo and advised defendants that the Court does not act on letters, that the default entered against them is still in place, and that any opposition to J & J's motion for default judgment was to be filed no later than June 15, 2012. The Court thereafter received no filing on behalf of defendants.

and Dominate: Shane Mosley v. Sergio Mora" ("the Program") and further finds defendants, having no license, intercepted and exhibited for their patrons the Program, in violation of 47 U.S.C. § 605(a).  See Kingvision Pay-Per-View, Ltd. v. Backman, 102 F. Supp. 2d 1196, 1196-97 (N.D. Cal. 2000) (holding unauthorized interception and broadcast of program for which plaintiff has distribution rights violates § 605(a)).

  2.  J & J, having elected statutory damages under § 605(a), is entitled to a "sum of not less than $1,000 or more than $10,000, as the court considers just."  See 47 U.S.C. § 605(e)(3)(C)(i)(II).  A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants.  See Kingvision Pay-Per-View, Ltd. v. Body Shop, 2002 WL 393091, at *4 (S.D.N.Y. Mar. 13, 2002).  Here, J & J has not submitted evidence regarding its losses.  With respect to defendants' profits, J & J offers evidence that at least 25 persons were present at defendants' restaurant during the telecast of the subject program (see Kaplan Aff.), and it can be inferred that at least some of those patrons purchased food and/or beverages in connection with the screening.  J & J's investigator was not charged a cover, however, and provided no evidence that other patrons were charged a cover.  Where, as here, there is no evidence that the financial benefit to the defendants exceeded $1000, the Court finds an award of statutory damages in the amount of $1000 is appropriate.  See, e.g., Kingvision Pay-Per-View, Ltd. v. Chavez, 2000 WL 1847644, at *3 (N.D. Cal. Dec. 11, 2000) (awarding $1000 in statutory damages for violation of § 605 where 40 patrons were present in defendant's restaurant and paid $10 cover charge).

  3.  J & J seeks an enhancement of the award of statutory damages.  Where a violation of § 605(a) is "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," the court may enhance the damages award by up to $100,000.  See 47 U.S.C. § 605(e)(3)(C)(ii).  Here, J & J alleges in its Complaint, and the Court deems true, that defendants exhibited the Program, knowing the Program was not to be intercepted without permission, and did so to obtain financial gain.  (See Compl. ¶¶ 13-14.)  Further, the evidence submitted supports a finding that defendants did in fact gain

financially from showing the Program; specifically, defendants displayed the Program on a large screen and multiple smaller television sets and at least 25 patrons were present during the screening.  Additionally, J & J has submitted evidence that it has successfully litigated a prior action against defendants for commercial signal piracy.  (See Riley Supp. Decl. Ex. 1 (Docket for Case No. 09-4906).)  Consequently, the Court finds defendants acted willfully and for private financial gain.  To deter future willful violations, enhancement damages in the amount of $5000 will be awarded.  See Joe Hand Promotions, Inc. v. Pete, 1999 WL 638215, at *2 (N.D. Cal. Aug. 17, 1999) (awarding enhancement damages of $5000 "to deter future piracy of pay-per-view events").

4. With respect to its state law claim of conversion, J & J argues it is entitled to an award in the amount of $1600, which, J & J asserts, was "the amount [defendants] would have been required to pay had [they] ordered the Program."  (See Pl.'s Mem. of P. & A. at 20.)  J & J, however, has offered no evidence to support said assertion.  In the absence of such evidence, J & J has not shown its entitlement to an additional award of $1600.  See Amini Innovation Corp. v. KTY Int'l Marketing, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) (holding plaintiff seeking default judgment "is required to provide evidence of its damages").

## CONCLUSION

For the reasons stated above, J & J's application for default judgment is hereby GRANTED in part, and plaintiff shall have judgment against defendants in the amount of $6000.

The Clerk shall enter the judgment and close the file.

**IT IS SO ORDERED.**

Dated:  July 3, 2012

MAXINE M. CHESNEY
United States District Judge

3